IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>vs.<br><br>BRUCE TERRELL SANFORD,<br>　　　　Defendant. | Case No. 22-cr-2019-CJW-2<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS** |

_____

On April 19, 2022, the Grand Jury charged Houston Simmons, III with one count of Possession of a Firearm by a Felon in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2). (Doc. 18.) On May 18, 2022, the Grand Jury returned a Superseding Indictment which added Bruce Terrell Sanford as a defendant and charged him with one count of Possession of Firearm by a Felon in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2). (Doc. 31.)

The matter now before the Court is Defendant Sanford's Motion to Suppress. (Doc. 77.) The Government timely filed a response. (Doc. 78.) Defendant timely filed a reply. (Doc. 79.) The Honorable Charles J. Williams, United States District Court Judge, referred the motion to me for a Report and Recommendation. For the reasons discussed below, no hearing on the instant motion is necessary.

On August 15, 2022, the Court entered an order (Doc. 48) that adopted my report and recommendation (Doc. 45) regarding Defendant Simmons's Motion to Suppress. (Doc. 35.) In short, Defendant Simmons's motion sought to suppress evidence obtained by the Waterloo Police Department when officers approached a Kia outside a nightclub. In my Report and Recommendation, Defendant Sanford was identified by name as the

1

driver of the vehicle. (Doc. 45 at 1.) The Court's order repeatedly refers to the "Kia's Driver" without mentioning Defendant Sanford by name. (Doc. 48.) Defendant Sanford's motion admits he was the driver of the Kia. (Doc. 77.) Moreover, Defendant Sanford makes no argument that as the driver of the vehicle (or for any other reason), does he have any different or greater expectation of privacy than his co-defendant whose motion to suppress has already been denied.

In essence, Defendant Sanford's motion seeks to "piggyback" on the prior motion to suppress to preserve arguments for appeal regarding the constitutionality of the search of the Kia and his person. Defendant Sanford was added to this case by a superseding indictment (Doc. 31) and he did not make his initial appearance until October 4, 2022. Thus, the instant motion could not have been joined with the prior motion to suppress. Defendant Sanford does not wish to reopen the record or assert arguments that are new or different from those made by his co-defendant. Rather, Defendant Sanford seeks only to be included in the prior order as though he had made the same arguments on the same record as Defendant Simmons. (Doc. 77 "Sanford respectfully requests that the Court consider the arguments Simmons made and enter and [sic] order in this matter as well.")

While the Government continues to resist the substance of the suppression motion on the same grounds as before, it makes no objection to the notion that Defendant Sanford essentially join in Defendant Simmons's prior motion, albeit after the fact. The Government agrees that the record is well developed on the issue. (Doc. 78-1 at 1). The Government reports that the parties have agreed that Government's Exhibits 1-5, admitted at the June 10, 2022 hearing, should be considered with respect to the instant motion.

For the reasons set forth above, I respectfully recommend the District Court enter an order:

   a) clarifying that Defendant Sanford was the driver of the Kia referenced in the Court's prior order (Doc. 48) and

b) **denying** Defendant's Motion to Suppress **(Doc. 77)** for all of the reasons set forth in the Court's prior order (Doc. 48).

Objections to this Report and Recommendation in accordance with 28 U.S.C. Section 636(b)(l) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise,* 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 22nd day of November, 2022.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa